PETER G. SIACHOS
PSIACHOS@GORDONREES.COM
DIRECT DIAL: (973) 549-2532



*Admitted In: NJ, NY, DC, SC and PA*

ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
PHONE: (973) 549-2500
FAX: (973) 377-1911
WWW.GORDONREES.COM

July 8, 2016

**VIA ECF**

The Honorable Pamela K. Chen
U.S. District Court for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn New York 11201

    RE:    *Abba Gordon v. Sentry Credit, Inc.*
               **Case No. 1:16-cv-00927-PKC-RER**

Dear Judge Chen:

    This firm represents Defendant Sentry Credit Inc. ("Sentry") in the above-referenced matter. Pursuant to Section 3.A of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference and permission to file a motion to dismiss the Amended Complaint of Plaintiff Abba Gordon ("Gordon") against Sentry pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Plaintiff failed to set forth sufficient allegations in his initial Complaint and has now completely abandoned those allegations under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's initial claims were based on the dunning letter dated November 2, 2015 (the "Letter") sent by Sentry to Gordon. Plaintiff now has filed an Amended Complaint asserting even more tenuous claims under the FDCPA arising from the Letter.

    The Letter clearly sets forth that interest is accruing on the debt (the "Debt") in the amount of $2,049.92 incurred pursuant to Gordon's HSBC credit card. The Letter, in the upper right hand corner, also clearly sets forth the interest rate applicable to the Debt (9%). All of this information belies the allegations in Plaintiff's Amended Complaint that the Letter fails to state whether the Debt is continuing to accrue interest. Even in the face of a clearly marked interest rate and a clearly marked amount of interest accrued thus far, the Amended Complaint asserts the tenuous allegation that the Letter fails to disclose that the Debt balance may increase due to interest.

    Plaintiff's basis for his fatally defective claim is the recent Second Circuit Court of Appeals decision in Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016). In Avila, the Second Circuit held that debt collectors must disclose that the balance due may increase due to interest. The operative fact in Avila was that the dunning letters at issue failed to specify the interest rate and failed to specify the amount of interest accrued. Copies of the debt collection letters at issue in Avila are annexed hereto as Exhibit A for the Court's reference.

The Honorable Pamela K. Chen
July 8, 2016
Page 2

     Clearly, Avila is inapposite to the case at bar since the Letter, unlike the FDCPA-infringing correspondence in Avila, *does clearly and conspicuously* set forth the interest rate and the amount of interest accrued on the Debt. Noting the FDCPA to be a "consumer protection statute" and applying the "least sophisticated consumer" standard, the Avila Court held that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest. Id. The Letter accomplishes this and then some by setting forth not only that the Debt may increase, but also specifying the interest rate and the exact amount of interest already accrued on the Debt.

     Gordon alleges that, by clearly stating the applicable interest rate in the Letter, Sentry violated the FDCPA. This accusation is meritless. The "least sophisticated consumer" would see the clearly delineated interest rate, the clearly delineated amount of interest accrued and be able to comprehend that the Debt may increase as per that interest rate. Controlling precedent requires the Court to assess the Letter according to the least sophisticated debtor standard. The application of the "least sophisticated consumer" standard is "an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). Since the interest rate, the amount of interest and principal accrued is clearly and conspicuously explained, then the least sophisticated debtor would not confuse the Letter to be ambiguous about the existence of the interest rate and the accruing interest amount.

     Plaintiff's Amended Complaint is subject to dismissal because it fails to set forth a cause of action that the Letter violates Section 1692e of the FDCPA. The Letter is not vague or uncertain: it clearly highlights the interest rate applicable to the Debt and the interest amount accrued. Pifko v. CCB Credit Servs., 2010 U.S. Dist. LEXIS 69872, *9-11, 2010 WL 2771832 (E.D.N.Y. July 7, 2010). Additionally, the Letter's meaning is not ambiguous; it clearly states the total amount owed, without any additional language that would imply a different meaning, even for the least sophisticated consumer. Therefore, the Amended Complaint fails to state a cause of action under the FDCPA that the Letter was a false representation or that Sentry engaged in deceptive practices by failing to disclose to Gordon that the total amount of the Debt was subject to increases. Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice.

     We are available at the Court's convenience to discuss Sentry's anticipated motion to dismiss the Amended Complaint, and respectfully request that the Court calendar a pre-motion conference and/or a briefing schedule. We are most appreciative for Your Honor's consideration.

                                        Respectfully Submitted,

                                          */s/ Peter G. Siachos*

                                        PETER G. SIACHOS

cc:     Adam J. Fishbein, Esq. – counsel for Plaintiff (via ECF)

# Exhibit A

# Riexinger & Associates, LLC
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780

File No.: 99█████
Account #: 54664100096████
Current Balance: $6,815.73

05/03/2013



Dear Sara Elrod:

The firm of Riexinger & Associates, LLC is a law firm representing BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC, the current creditor of the above referenced account which originated with CAPITAL ONE CARD SERVICES, INC.. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

IN REGARD TO THIS COMMUNICATION, RIEXINGER & ASSOCIATES, LLC IS ACTING AS A DEBT COLLECTOR AND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, AS DEFINED BY U.S.C. 1692 (A)(6). THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

NY License Number 1414772.

---

Detach and return below portion with payment.

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

04302

File Number: 99████

Pay your bill online for FREE at www.riexingerlaw.com

42550-03*18**************AUTO**MIXED AADC 350
Sara Elrod
████████
Brooklyn NY 11234-5803

Visa [ ] MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:
☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
EXPIRATION DATE:     PAYMENT AMOUNT
☐☐☐☐                 $ _____
REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Name:    Sara Elrod

0001B 05/05

**Riexinger & Associates, LLC**
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780

File No.: 912500
Account #: 57744219827▮
Current Balance: $1,845.31

08/02/2012



Dear Annmarie Avila:

The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with WELLS FARGO. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

Riexinger & Associates, llc is acting as a debt collector and this is a communication from a debt collector, as defined by U.S.C. 1692 (A)(6). This is an attempt to collect a debt and any information obtained will be used for that purpose.

**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

---

Detach and return below portion with payment

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

005770

File Number: 912500

Pay your bill online for FREE at www.riexingerlaw.com

37821***AUTO**MIXED AADC 350
Annmarie Avila                    ##27
25 Saint Marks Ave
Rockville Centre NY 11570-4244

Visa [ ] MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO
☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
EXPIRATION DATE      PAYMENT AMOUNT
☐☐☐☐                 $ _____

REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Name: Annmarie Avila
Account #: 57744219827▮
Current Balance: $1,845.31

00001  05:05